## JOHN CHANDLER *vs.* THE WORCESTER MUTUAL FIRE INSURANCE COMPANY.

The assured, in a policy against fire, may be guilty of such gross misconduct, not amounting to a fraudulent intent to burn the building, as to preclude him from recovering for a loss of the same by fire.

THIS was an action to recover the amount insured against fire by the defendants on the plaintiff's buildings in Petersham. The case was tried in the court of common pleas, and a verdict taken for the plaintiff, before *Ward*, J., by whom the following bill of exceptions was signed : —

"On the trial of this action, the defendants, admitting a *prima facie* case for the plaintiff, relied in defence upon the special matter specified in their notice in writing, which is in the case subjoined to the plea of the general issue. It was admitted by the defendants, that a fraudulent design to set fire to the building was not imputed to the plaintiff, and that no evidence to that effect would be offered. The presiding judge thereupon ruled, that evidence was inadmissible to prove the gross negligence and carelessness, and gross misconduct, of the plaintiff, as the cause of the destruction of said building, and rejected the same."

The notice referred to in the exceptions was as follows : —

"The defendants hereby notify the plaintiff, that on the

trial of said action they shall admit the execution of the policy of insurance declared upon; the fact that the building insured was insured against fire, as alleged by him ; that the loss thereby sustained by the plaintiff was not less than the amount claimed by him ; and any other fact necessary to make out a *prima facie* case for the plaintiff; and the defendants will rely, for their defence to this action, upon the following matter of defence : 1. That the building insured was destroyed through and by the gross negligence and carelessness of the plaintiff; and, 2. That said building was destroyed through the gross misconduct of the plaintiff."

*T. Parsons* and *J. A. Andrew,* for the plaintiff.

*C. Allen,* (of Worcester,) for the defendants.

SHAW, C. J.    This is an action to recover for a loss by fire on a policy underwritten by the defendants on buildings of the plaintiff in Petersham.    The court, after a repeated consideration, are unwilling to render a conclusive judgment upon the bill of exceptions, because it does not present the case with sufficient fulness, to enable the court to form any satisfactory opinion.    The defendants admitted the making of the contract, the loss within the time, and all the facts necessary to constitute a *prima facie* case for the plaintiff.    They also admitted, that there was no fraudulent design to set fire to the building insured, and declared that no evidence of that sort would be offered.    The defendants proposed to show, and as matter of defence rely on proof of, the gross negligence and carelessness, and the gross misconduct, of the plaintiff, as the cause of the loss.    On the offer of this evidence, the presiding judge ruled, that proof of the gross negligence and carelessness, and of the gross misconduct, of the assured, as the cause of the destruction of the building by fire, would constitute no defence to the action, and thereupon rejected the evidence.

The general rule unquestionably is, in case of insurance against fire, that the carelessness and negligence of the agents and servants of the assured constitute no defence.    Whether the same rule will apply equally to a case where a loss has

28*

occurred by means which the assured by ordinary care could have prevented, is a different question.  Some of the cases countenance this distinction.  *Lyon* v. *Mells*, 5 East, 428 ; *Pipon* v. *Cope*, 1 Campb. 434.

But it is not necessary to decide this question.  The defendants offered to prove gross misconduct on the part of the assured.  How this misconduct was to be shown, and in what acts it consisted, is not stated.  The question then is, whether there can be any misconduct, however gross, not amounting to a fraudulent intent to burn the building, which will deprive the assured of his right to recover.  We think there may be.  By an intent to burn the building, we understand a purpose manifested and followed by some act done tending to carry that purpose into effect, but not including a mere nonfeasance.  Suppose the assured, in his own house, sees the burning coals in the fireplace roll down on to the wooden floor, and does not brush them up; this would be mere *non-feasance.*  It would not prove an intent to burn the building ; but it would show a culpable recklessness and indifference to the rights of others.  Suppose the premises insured should take fire, and the flame begin to kindle in a small spot, which a cup of water would put out ; and the assured has the water at hand, but neglects to put it on.  This is mere nonfeasance ; yet no one would doubt, that it is culpable negligence, in violation of the maxim, *Sic utere tuo ut alienum non lædas.*  To what extent such negligence must go, in order to amount to gross misconduct, it is difficult, by any definitive or abstract rule of law, independently of circumstances, to designate.  The doctrine of the civil law, that *crassa negligentia* was of itself proof of fraud, or equivalent to fraudulent purpose or design, was no doubt founded in the consideration, that, although such negligence consists in doing nothing, and is therefore a nonfeasance, yet the doing of nothing, when the slightest care or attention would prevent a great injury, manifests a willingness, differing little in character from a fraudulent and criminal purpose, to commit such injury.

Whether the facts relied on to show gross negligence and

gross misconduct, of which evidence was offered, would have proved any one of these supposed cases, or any like case, we have no means of knowing; but as they might have done so, the court are of opinion, that the proof should have been admitted, and proper instructions given in reference to it.

The terms "slight negligence," "want of ordinary care," and "gross negligence," are useful in their way, but they are not precise and exact enough, without a statement of the facts designated by them, to enable a court to judge of the rights of parties thereby affected. The proper business of jurisprudence seems to be, to take a series of facts and circumstances, conceded or proved, and to declare what are the rights of the parties arising out of them.

*Verdict set aside, and a new trial granted.*